El Pueblo de Puerto Rico, demandante y apelado, v.
Santiago Lugo, acusado y apelante.

No. 2739.—*Visto:* Junio 22, 1926. *Resuelto:* Julio 9, 1926.

1. Derecho Penal—Apelación y Error, y Certiorari—Revisión—Errores no
Perjudiciales—Admisión de Prueba Objetada—Errores Subsanados por
el Propio Apelante.—El error al negar la eliminación de manifestaciones
de un testigo, de existir, queda subsanado por el apelante cuando, al repre-
guntar él al testigo, éste repite sustancialmente la materia cuya eliminación
aquél solicitó.

2. Homicidio—Juicio—Cuestiones para el Jurado—Cuestiones Relativas a
La Legítima Defensa—Decisión de si se Actuó o Nó en Legítima De-
fensa.—En proceso por atentado a la vida—agresión con la intención de
cometer asesinato—cuando la prueba tiende a establecer un caso de legítima
defensa, la corte inferior está justificada al denegar instrucción sobre abso-
lución perentoria fundada en que el acusado actuó en legítima defensa, ya
que, de acuerdo con el artículo 55 del Código Penal, debe someter la prueba
sobre tal extremo al jurado.

Sentencia de *R. Díaz Cintrón*, J. (Ponce), condenando al acusado
por delito de ataque para cometer homicidio. *Confirmada.*

*Leopoldo Tormes*, abogado del apelante; *José E. Figueras*, abogado
de *El Pueblo*, apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del
tribunal.

El acusado fué convicto por un jurado del delito de ata-
que con intención de cometer homicidio y la corte le con-
denó a sufrir la pena de un año de presidio.

No es necesario que nos detengamos a examinar el pri-
mer señalamiento de error por haber quedado subsanada la
omisión que se aducía como fundamento, toda vez que la
certificación del Secretario de la corte de distrito unida a
los autos a instancias del fiscal, acredita que la acusación
fué firmada y endosada por el Presidente del gran jurado
que conoció del caso y formuló la acusación.

[1] Aunque al argumentar el segundo motivo de error,
el apelante no señala específicamente las manifestaciones del
testigo Eulogio Borrero que interesó que fueran eliminadas,
se desprende del récord que si el error existiera, quedó sub-
sanado por el mismo apelante, quien en el período de repre-

guntas interrogó al testigo sobre los mismos hechos, repitiendo el testigo sustancialmente la materia cuya eliminación había sido pedida.

[2] Los restantes errores se refieren a no haber la corte inferior instruído al jurado que absolviera perentoriamente al acusado por haber actuado en legítima defensa y porque la sentencia es contraria a las pruebas.

La prueba sostiene en conjunto que el perjudicado y el acusado no estaban en buenos términos, que tuvieron unas palabras y de ellas surgió el disgusto que acabó en una riña, sostenida por el primero con un palo y por el segundo con un machete, recibiendo aquél ocho heridas, dos de ellas de suma gravedad. En estas condiciones la corte inferior estuvo justificada en no instruir al jurado según fué solicitado por la defensa, quien por disposición del artículo 55 del Código Penal tenía que someter la prueba en ese extremo a la decisión del jurado. Por lo demás la evidencia sostiene la sentencia *y ésta debe ser confirmada.*